**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JERRY DEWAYNE BROOKS**                                                          **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 3:19CV38-HTW-LRA**

**BILLIE SOLLIE, Sheriff**                                                           **DEFENDANT**

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court regarding Plaintiff's failure to appear at the omnibus

hearing that was conducted on December 10, 2019, by the undersigned Magistrate Judge.

Defense counsel appeared at the scheduled omnibus hearing, but the Plaintiff, Jerry Dewayne

Brooks, did not appear or contact the Court to request a continuance.  Brooks was notified of this

hearing at the mailing address that he provided to the Court, being 11162 Gilbert Joyner Road,

Meridian, MS  39301.  The notice of the hearing was sent to that address on October 21, 2019,

and again on November 21, 2019, and neither of those notices was returned.  An Order to Show

Cause was sent to Brooks on February 5, 2020, requiring Brooks to show cause, by February 21,

2020, why this action should not be dismissed for failure to prosecute.  That Order was also sent

to the above address, and it, likewise, was not returned.

Brooks filed this case, and it was his responsibility to prosecute his claim.  In the Court's

earlier Order [Doc. #3, p. 2] filed January 17, 2019, Brooks was warned that his "[f]ailure to

advise this Court of a change of address or failure to comply with any order of this Court will be

deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal

of this case."  He was aware that it was his responsibility to inform the Court of any address

changes.  His failure to attend the scheduled hearing has caused the Defendant to incur

unnecessary attorneys' fees and costs.  Brooks has failed to abide by the orders of this Court due to his failure to attend the hearing or to respond to the Order to Show Cause.  He must be willing to prosecute his case in accordance with the rules of the Court.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  See *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of all of the cases on its docket.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.  A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists."  *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).  The record in this case supports such a finding. Brooks obviously lost interest in pursuing this lawsuit after his release from incarceration, although he has not formally dismissed his complaint.  The sanction of dismissal is necessary in order to officially conclude the litigation against the Defendant.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; FED. R. CIV. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  Brooks shall file any written objections to this Report and Recommendation on or before March 22, 2020, or his case shall be dismissed without further notice.

THIS the 5th day of March, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE